George Beisheim, Jr., J.
Defendant has been indicted and charged with the crime of violation of section 986 of the Penal Law in that he allegedly committed various acts of gambling (five counts). In this motion, he moves (1) to suppress all evidence pertaining to the alleged crimes on the ground that said evidence was acquired by Federal law enforcement officials acting under sections 4411 and 4412 of title 26 of the United States Code; (2) for leave to inspect the Grand Jury minutes and for the dismissal of the indictment on the ground that the evidence adduced before the Grand Jury upon which the indictment is based is insufficient in law to warrant the findings thereof and that the evidence presented was illegal and constituted the fruits of an illegal and unlawful investigation made in violation of the defendant’s constitutional rights; and (3) for a hearing in order to determine the issues presented.
Defendant states that the indictments herein are based upon investigations of Treasury Agents made pursuing alleged violations for willfully failing to register and to pay an occupational tax for engaging in the business of accepting wagers as required by sections 4411 and 4412 of title 26 of the United States Code.
Based upon these investigations, defendant was apprehended under a warrant of arrest and a search was made of the defend *146 ant and the premises in which he was found. Subsequently, the defendant was ‘ ‘ charged with failure to obtain a Federal Gambling Tax Stamp ” and “indicted in the United States District Court for the Southern District of New York for violating the Federal Gambling Tax Law ”. As a result of the cases of Marchetti v. United States (390 U. S. 39) and Grosso v. United States (390 U. S. 62) these Federal charges against the defendant have either been dismissed or a nolle prosequi filed. Subsequently, on November 21, 1968, the indictment herein was filed, based upon the same acts which constituted the basis for the Federal charges. Marchetti and Grosso held that the registration (§ 4412) and occupational tax (§ 4411) provisions could not be employed to punish persons who defended a failure to comply with the requirements of such provisions with a proper assertion of the privilege against self incrimination.
The answering affidavit of the Distrct Attorney does not deny factual averments made by the defendant.
The distinction not apparent to the defendant and argued by the District Attorney is .set forth in a decision in an action for a preliminary injunction involving the same arguments alleged herein where, in an unreported decision, the United States District Court for the Southern District of New York, Hon. Edward C. McLean, in denying the relief requested stated: “ Plaintiff’s contention is that the use of this testimony and the use of the other evidence (if there is any) in the state criminal prosecution is forbidden by Marchetti and Grosso. This contention is incorrect. The Supreme Court made clear in these decisions that it did not hold the federal tax statutes unconstitutional. The Court merely held that a defendant in a federal criminal prosecution for violation of those statutes who properly asserts his privilege under the Fifth Amendment cannot be convicted. Neither opinion indicates that federal officers are disqualified from testifying in a state prosecution for violation of state gambling laws or that evidence properly obtained by them may not be used in the state prosecution. ’ ’ (Matter of Rainey v. United States, 69 Civ. 989.)
This decision is in line with the recent Supreme Court case of United States v. Knox (396 U. S. 77 [Dec. 8,1969]). Therein the court rejected the assertion that its decisions in Marchetti and Grosso had held invalid the provisions of the wagering tax laws that required the defendant to file the special return. In both Marchetti and Grosso, and reaffirmed in Knox, the court stressed the principle ‘ ‘ that we do not hold that these wagering tax provisions are as such constitutionally impermissible; we *147 hold only that those who assert the constitutional privilege as to these provisions may not be criminally punished for failure to comply with their requirements ”. (Marchetti v. United States, supra, p. 61, and Grosso v. United States, supra, pp. 69-70, n. 7.)
Knox held that the privilege against self incrimination does not require dismissal of an indictment charging a gambler with violating section 1001 of title 18 of the United States Code by filing false information in a report required by section 4412 of title 26 of the United States Code even though he would have been able to assert the privilege as a defense against the prosecution for failure to file a section 4412 report since the validity of the government demand for information is not an element of a section 1001 violation.
The ability of the Federal Government to prosecute the defendant for failure to follow the procedures presented by ■sections 4412 and 4411 based upon Federal investigations into violations of said statutes is not an element of a violation of section 986 of the Penal Law based upon the same investigation. Accordingly, the motion to suppress is denied.
With respect to the Grand Jury minutes, the motion is denied. Since the motion .to suppress has been denied, the supporting affidavit fails to show satisfactory proof that the indictment is not based upon sufficient evidence and, thus, fails to make out a sufficient showing to warrant the court’s inspection of the Grand Jury minutes (People v. Howell, 3 N Y 2d 672).